**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-4984

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KEVIN L. GAYLES,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:08-cr-00438-HEH-1)

Submitted:  August 26, 2010      Decided:  September 17, 2010

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

W. Barry Montgomery, KALBAUGH, PFUND & MESSERSMITH, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Kevin C. Nunnally, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin L. Gayles was convicted by a jury of possessing five grams or more of cocaine base (crack), in violation of 21 U.S.C.A. § 844 (West 1999 & Supp. 2010). The district court departed above the sentencing guideline range under U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (2008), and sentenced Gayles to a term of 180 months imprisonment. Gayles appeals his sentence, contending that the district court erred in denying his motion for a downward departure and granting the government's upward departure motion. He also argues that the sentence is unreasonable because it is greater than necessary and failed to provide for his needs. We affirm.

Gayles had thirty-four criminal history points resulting from two prior state convictions for cocaine trafficking and numerous other offenses, but he had received consistently lenient sentences. Gayles had recently been tried and acquitted of first degree murder; the jury convicted him of use of a firearm in connection with the murder. At Gayles' sentencing hearing, the murder victim's girlfriend testified that she drove the victim to a meeting with Gayles, waited while Gayles and the victim went behind an apartment building and heard several shots, after which Gayles reappeared, robbed her at gunpoint, and took her car. A detective testified that, before he died in the hospital, the victim identified Gayles by

his nickname ("Black") as the one who shot him. The district court decided that the evidence supported a finding that Gayles was responsible for the armed robbery and carjacking, but that it would respect the jury's acquittal of Gayles on the murder charge.

The court decided that criminal history category VI did not adequately reflect Gayles' criminal conduct. The court considered the guideline ranges that would result from an increase to successively higher offense levels in criminal history category VI, and determined that offense level 29, and a range of 151-188 months, was adequate but not greater than necessary to achieve the sentencing objectives set out in 18 U.S.C. § 3553(a) (2006). The court departed upward[*] and imposed a sentence of 180 months imprisonment.

We review sentences for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id.; see also United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). Procedural reasonableness review involves first determining whether the district court properly calculated the

---

[*] Although Gayles consistently refers to his sentence as a variance, the court departed rather than varied above the guideline range.

3

defendant's advisory guideline range, then deciding whether the district court considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575; see United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (holding that, while the "individualized assessment need not be elaborate or lengthy, . . . it must provide a rationale tailored to the particular case . . . and [be] adequate to permit meaningful appellate review.") (internal quotation marks omitted). Finally, we review the substantive reasonableness of the sentence, examining "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

Here, the district court's decision to depart above the guideline range was adequately explained by the court and supported by the record, given Gayles' high criminal history score, the fact that he had not served any significant state sentence despite prior convictions for two drug trafficking offenses, and the court's finding that he had at the very least robbed and carjacked the murder victim's girlfriend. The court structured the departure by increasing the offense level until it found the appropriate guideline range, as directed in

4

§ 4A1.3(a)(4)(B). In considering the § 3553(a) factors, the court focused primarily on the need to promote respect for the law and to protect the community. 18 U.S.C. § 3553(a)(2)(A), (C). The court's explanation was sufficient under Lynn.

Gayles argues that a sentence within the guideline range would better afford him the opportunity for drug treatment, further education, and "other rehabilitation" to better ensure that he would not commit other crimes upon his release. However, the district court addressed this argument at sentencing by noting that Gayles' past probationary sentences had not produced a good result, and that he would be able to participate in drug treatment as well as educational and vocational programs while serving his federal sentence. We conclude that the sentence was reasonable.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED